UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P83-R

**CLAUDE R. COX**                                                                                              **PLAINTIFF**

**v.**

**THOMAS L. SIMPSON** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Claude R. Cox, a prisoner housed at the Kentucky State Penitentiary ("KSP"), filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 against KSP Warden Thomas L. Simpson, Deputy Warden Greg Howard, Unit Administrator Byron Jisis, and Deputy Warden Allen Brown.  In the complaint, Plaintiff alleges that he has trouble and conflicts with several of the officers in the section of KSP where he is currently being housed.  He claims that he asked Defendants Simpson, Howard, and Jisis to move him to a different location but that his requests were denied.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Aside from listing Defendant Brown as a Defendant, Plaintiff wholly fails to mention him or any alleged wrongdoing by him elsewhere in the complaint.  For this reason, **IT IS ORDERED that the claim against Defendant Brown is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**The Court, however, will allow the Eighth Amendment claim to proceed against remaining Defendants Simpson, Howard, and Jisis**. Accordingly, **IT IS ORDERED** that:

(1) The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint and this Order, to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky. General Counsel shall have **30 days** after receipt by certified mail of the complaint and this Order to complete and return a notice of waiver of service for Defendants. The Clerk shall issue summons and cause a copy of the complaint and summons to be served on each Defendant for whom waiver is not timely returned.

(2) The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **20 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(4) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* Local Rule 5.2(d).

(5) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **may result in a dismissal of this case**.

Following service, the Court would entertain a motion to consolidate this action with *Cox v. Huddleston et al.*, Civil Action No. 5:09CV-P46-R, which contains similar claims against some of the same Defendants.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005